**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joseph Austin Carpenter, Appellant.

Appellate Case No. 2016-002335

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2019-UP-248
Submitted May 1, 2019 – Filed July 3, 2019

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General V. Henry Gunter, Jr., all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Joseph Carpenter appeals his conviction and eight-year sentence for attempted murder, arguing the trial court erred by (1) admitting evidence as to his religious beliefs and (2) submitting a written copy of the jury instructions to the

jury over his objection.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id*. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id*. ("A party may not argue one ground at trial and an alternate ground on appeal.").

2. As to issue two: *State v. Turner*, 373 S.C. 121, 129, 644 S.E.2d 693, 697 (2007) ("A trial court may, in its discretion, submit its instructions on the law to the jury in writing."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id*. ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Lemire*, 406 S.C. 558, 566, 753 S.E.2d 247, 251 (Ct. App. 2013) ("[A] party disputing the submission of the written charge must show prejudice to obtain relief on this ground.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.